# CAROTHERS *v.* MAYER.

ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 144. Submitted November 4, 1896. — Decided November 30, 1896.

In an action of ejectment in a state court by a plaintiff claiming real estate under a patent from the United States for a mining claim, a ruling by the state court that the statute of limitations did not begin to run against the claim until the patent had been issued presents no Federal question.

So, too, a ruling that matters alleged as an estoppel having taken place before the time when plaintiffs made their application for a patent, and notice of such application having been given, all adverse claimants were given an opportunity to contest the applicant's right to a patent, and that, the patent having been issued, it was too late to base a defence upon facts existing prior thereto, presents no Federal question.

THIS was an action of ejectment originally brought by the defendants in error, Isaac Mayer and Andrew J. Wilson, in the District Court of the Sixth Judicial District of Montana, in and for the county of Meagher, to recover possession of five lots in the townsite of Neihart. The complaint alleged a seisin in fee on July 22, 1887, and upon the trial plaintiffs introduced in support thereof a patent of the United States for the Keegan lode mining claim, bearing date July 27, 1887, and running to the plaintiffs.

Defendants averred no privity of title under such mining claim or patent, but set up, *first,* an adverse and exclusive possession of the premises since June 1, 1882; and, *second,* an equitable defence of estoppel arising from the following state of facts, namely : That in April, 1882, when about fifteen or twenty people were living in that vicinity, a meeting of citizens was held for the purpose of laying out a townsite, the Keegan being then a located mining claim; that at such meeting it was agreed that the surface ground should be devoted to townsite uses; that each citizen should be entitled to enter with the recorder not to exceed two of the lots as laid off, and that each citizen entering lots should fence them; that thereupon at such meeting the said mining claim owners,

among others the predecessor in interest of plaintiffs, he being at that time the claimant of the Keegan lode, agreed that the surface ground should belong to the town, and gave the same to the citizens for townsite purposes; that such premises were so laid off for town purposes, and the lots were entered in the manner agreed at the meeting with the knowledge and consent of plaintiffs' predecessor in interest.

A general demurrer to this answer having been overruled, plaintiffs replied by a denial of the defences therein set up.

Upon the trial defendants offered to prove an exclusive continuous possession of the premises from 1882 down to the commencement of the action, which offer was rejected by the court, under objection from the plaintiffs that the statute of limitations could not begin to run until the patent for the Keegan mining claim was issued, July 27, 1887, to which ruling the defendants excepted. After making proof in support of the equitable defences so pleaded, the trial court refused all instructions asked by the defendants thereunder, and directed the jury to return a verdict for the plaintiffs.

On appeal the judgment upon such verdict was affirmed by the Supreme Court of Montana, 14 Montana, 274, whereupon defendant sued out this writ, and assigned as error, first, the ruling of the court in excluding evidence of the adverse possession of the defendants and their predecessors in interest prior to the issuance of the patent; and, second, to the action of the court in directing the jury to return a verdict for the plaintiffs.

*Mr. E. W. Toole* and *Mr. William Wallace, Jr.,* for plaintiff in error.

*Mr. A. T. Britton* and *Mr. A. B. Browne* for defendants in error.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

Upon the facts above stated, the Supreme Court held, first, that the statute of limitations did not begin to run against the

mining claim until the patent had been issued, following in this particular *King* v. *Thomas*, 6 Montana, 409; and, second, that the matters alleged as an estoppel having taken place before the time the plaintiffs made their application for a patent, and notice of such application having been given, that all adverse claimants were given an opportunity of contesting the applicant's right to a patent, and that the patent having been issued, it was too late to base a defence upon facts existing prior thereto, citing in support of its position a prior ruling of the court in *Talbott* v. *King*, 6 Montana, 76.

Neither of these defences presents a Federal question. Defendants asserted no right under a Federal statute; made no claim under any Federal patent; claimed solely under a statute of limitations, which the highest court of the State declared did not protect them, and certain matters of alleged estoppel *in pais*, which the court held to constitute no defence.

The writ of error must, therefore, be

*Dismissed.*